## Kane v. West Penn Power Co.

*Ned J. Nakles,* for plaintiff.

*B. Patrick Costello,* for defendant West Penn Power Co.

*W. K. Herrington, John Newborg,* for defendant Asplundh Tree Expert Co.

*David L. Robinson,* for additional defendant Zeleznik.

*Louis T. Congelio,* for additional defendant Dodge.

AMBROSE, *J.,* April 29, 1983—This matter comes before the court en banc upon additional defendants' preliminary objections in the nature of the motion to strike off cross-claims filed against them by original defendant Asplundh Tree Expert Co.

On July 6, 1981, plaintiffs filed a complaint in trespass against original defendants West Penn Power Co. and Asplundh Tree Expert Co. Original defendant Asplundh, on August 26, 1981, filed a praecipe for a writ to join as additional defendants Miroslav Zeleznik and Julia Zeleznik, his wife, and Valera L. Dodge, individually, and Valera L. Dodge as personal representative of the estate of James H. Dodge. The writ was issued thereupon, the complaint to join additional defendants was filed on Sep-

tember 28, 1981, and then the writ was reissued on September 28, 1981. Additional defendant Zeleznik was served with the complaint on September 30, 1981; however, additional defendant, Zeleznik thereafter filed preliminary objections to said joinder, which objections were sustained by the court on December 22, 1981, and the complaint to join was stricken for Asplundh's failure to observe the time constraints imposed by Pennsylvania Rules of Civil Procedure 2252(b) and 2254(b).

Both original defendants Asplundh and West Penn Power then presented a petition to the court for leave to join Zelezniks and Dodge as additional defendants out of time, whereupon the Honorable Gilfert M. Mihalich on January 11, 1982, denied the petition of original defendant Asplundh but granted the petition of original defendant West Penn Power. Original defendant West Penn Power on February 8, 1982, filed its complaint to join both additional defendants and accomplished service of the same on Zelezniks on February 18, 1982, and on Dodge on April 20, 1982.

On July 24, 1982, original defendant Asplundh filed a "cross-claim pursuant to Pa.R.C.P. 2252(d)" against additional defendants Zelezniks and Dodge, who had been joined by West Penn Power. Additional defendants Zelezniks and Dodge thereafter filed the preliminary objections to Asplundh's cross-claim which are presently before this court.

The cross-claim filed by Asplundh asserts that additional defendants Zelezniks and Dodge are solely liable to plaintiff in this matter or, alternatively, that if Asplundh is ultimately held to be liable to plaintiff, that additional defendants Zelezniks and Dodge are liable over to Asplundh for contribution and/or indemnity for any sums which may be recovered. Additional defendants now complain that Asplundh's

cross-claim really masks a further attempt by Asplundh to join these additional defendants after it has been previously prevented from so doing by Judge Mihalich's decision of January 11, 1982.

As the procedural history of this case outlined above indicates, original defendant Asplundh attempted unsuccessfully to join by writ and complaint both Zelezniks and Dodge as additional defendants and to seek the court's permission to join them out of time. Having had no success thereupon, original defendant Asplundh now seeks to utilize Rule 2252(d) to effectuate the same purpose.

Pennsylvania Rule of Civil Procedure 2252(d) recites:

"If the person sought to be joined is a party, the joining party shall, without moving for severance or the filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined by a writ or a complaint."

This particular section of Rule 2252, Right to Join Additional Defendant, deals strictly with joining a party who is already a party to the lawsuit by answer as new matter. Original defendant Asplundh now attempts to avail itself of this section by virtue of West Penn Power's successful joinder of Zelezniks and Dodge as additional defendants by its complaint filed on February 8, 1982. Prior to West Penn Power's joinder of them, neither Zelezniks or Dodge were parties to the suit. But for West Penn Power's joinder of them therefore, it would be procedurally impossible for Asplundh to utilize Rule 2252(d).

It appears from a literal reading of this rule, that the rule was intended to afford a party the opportunity to assert in its "answer as new matter" (presumably in response to a prior pleading) a claim for contribution, indemnity and/or sole liability. Thus section (d) of Rule 2252 is distinguishable from section (b) of Rule 2252 in that section (b) relates strictly to the joinder by complaint or writ of persons who are not parties to the action. Section (d) of the rule then dispenses with the formality and/or requirement of first seeking a writ or filing a complaint and then serving the same in order to join a particular person or entity, when that particular person or entity is already a party.

In the instant matter, original defendant Asplundh filed this cross-claim pursuant to Rule 2252(d), admittedly, against parties to the lawsuit, but not in response to any prior pleading or by way of answer as new matter. Neither Zelezniks or Dodge initiated any pleading process which would have triggered a cross-claim through answer as new matter by Asplundh.

Therefore, this court finds that original defendant Asplundh is attempting to use section (d) of Rule 2252 for a purpose for which it was not intended and to accomplish what has already been determined it cannot do — join as additional defendants the Zelezniks and Valera Dodge.

For these reasons, the cross-claim must be stricken.


## ORDER OF COURT

And now, this April 29, 1983, it is hereby ordered, adjudged and decreed that the preliminary objections of additional defendants Miroslav Zeleznik and Julia Zeleznik, husband and wife, Valera L.

Dodge, individually, and Valera L. Dodge as personal representative of the estate of James H. Dodge, to the cross-claim filed by original defendant Asplundh Tree Expert Co., are sustained and the cross-claim filed by Asplundh Tree Expert Co., is hereby stricken.